IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TELLY ALEXANDER HEATH,

        Petitioner,

v.

TROY BOWSER,

        Respondent.

Case No. 3:18-cv-01233-HZ

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Washington County convictions dated March 9, 2011. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In the summer and autumn of 2010, the Washington County Grand Jury issued two Indictments charging Petitioner with various crimes arising out of two separate incidents involving one adult female victim, and another female victim who was 11 years of age. In total, the Grand Jury indicted Petitioner on four counts of Sexual Abuse in the First Degree, eight counts of Burglary in the First Degree, four counts of Attempted Sodomy in the First Degree, two counts of Rape in the First Degree, and one count of Unlawful Sexual Penetration in the First Degree. Respondent's Exhibits 102 & 103.

On the day Petitioner's trial was scheduled to commence, he decided to plead guilty. He pled guilty to one count of Attempted Sodomy in the First Degree, and two counts each of Rape in the First Degree, Sexual Abuse in the First Degree, and Burglary in the First Degree. The trial court dismissed the remaining charges and sentenced Petitioner to 440 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal challenging one aspect of his sentence, but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the

2 - OPINION AND ORDER

Oregon Supreme Court denied review. *State v. Heath*, 253 Or. App. 607 293 P.3d 1091 (2012), *rev. denied*, 353 Or. 410 298 P.3d 1226 (2013).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where he alleged, in part, that his trial attorney rendered ineffective assistance when she allowed Petitioner to enter a plea that was not knowing, voluntary, and intelligent. He argued that he suffered from mental illness, was unaware of the totality of the evidence in his case, believed he was pleading guilty to only one count of Rape I as opposed to two, and that he felt pressured by counsel's failure to prepare for trial. Respondent's Exhibit 112, pp. 15-17. Following a hearing, the PCR court denied relief. Respondent's Exhibits 120 & 121. It concluded that there was no proof that counsel was not prepared for trial and, although the trial court "didn't take the best plea," the Plea Petition was clear and "supplements the record." Respondent's Exhibit 120, p. 24.

Petitioner appealed this decision and asserted that the PCR court applied erroneous legal standards when it considered his ineffective assistance of counsel claims. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Heath v. Premo*, 289 Or. App. 158 407 P.3d 985 (2017), *rev. denied*, 362 Or. 665 415 P.3d 581 (2018).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case with the assistance of appointed counsel on July 10, 2018. The

3 - OPINION AND ORDER

Petition for Writ of Habeas Corpus contains three grounds for relief, but Petitioner provides argument only as to his Ground One claim that his guilty plea was not knowing, voluntary, and intelligent. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to fairly present any of his claims to Oregon's state courts, leaving them procedurally defaulted and unpreserved for federal habeas corpus review; (2) Petitioner has not carried his burden of proof as to the claims he has not argued; and (3) even if Petitioner fairly presented his argued Ground One claim of ineffective assistance of counsel, it does not entitle him to habeas corpus relief.

## DISCUSSION

### I. Unargued Claims

Petitioner raises three grounds for relief (with sub-claims) in his Petition for Writ of Habeas Corpus. In his supporting memorandum, however, Petitioner chooses to brief only his Ground One claim that trial counsel was constitutionally ineffective when she allowed him to enter a guilty plea that was not knowing, voluntary, and intelligent.[1] Petitioner does not argue the merits of his remaining claims, nor does he address Respondent's arguments as to why relief on these claims should be denied. As such, Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825,

---

[1] Respondent asserts that Petitioner limits his argument to Ground 1(1) of the Petition for Writ of Habeas Corpus, but it appears Petitioner may also be arguing a portion of Ground 1(2). Despite the appointment of counsel, Petitioner fails to identify for the Court which portions of the Petition correspond to his argued claims.

4 - OPINION AND ORDER

835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

## II. Exhaustion and Procedural Default

According to Respondent, Petitioner failed to preserve his Ground One claim because he failed to pursue it during his PCR appeals. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*,

5 - OPINION AND ORDER

501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, the parties do not dispute that Petitioner presented his argued ineffective assistance of counsel claim to the PCR court. Respondent contends that on appeal, however, Petitioner did not present the merits of his claim for consideration and, instead, took issue only with the standard of review the PCR court applied.

In his Appellant's Brief, Petitioner pointed out that in addition to its oral findings on the record, the PCR court also indicated that it was adopting the State's legal arguments as its own. He believed that the State's briefing misstated the legal standards applicable to ineffective assistance of counsel claims and, as a result, he presented the Oregon Court of Appeals with two questions for its consideration:

> 1. Does a post-conviction court appropriately deny relief based on finding that petitioner's trial counsel's advocacy "might be" a sound strategy?
>
> 2. Where the petitioner pleaded guilty to the underlying criminal offenses, did the post-conviction court err in denying relief based in part on an understanding that petitioner needed to establish that if his attorney had been effective and adequate,

6 – OPINION AND ORDER

>     petitioner would have not pleaded guilty and
>     would have taken his case to trial?

Respondent's Exhibit 122, p. 7.

Petitioner proceeded to argue that "[t]he post-conviction court erred when it denied petitioner relief after applying an erroneous standard of review when deciding whether petitioner's trial counsel was ineffective and inadequate and whether petitioner was prejudiced." Respondent's Exhibit 122, p. 2. Throughout his brief, he cited the Sixth and Fourteenth Amendments, *Strickland v. Washington,* 466 U.S. 668 (1984), and the case applying *Strickland* to cases involving guilty pleas, *Hill v. Lockhart,* 474 U.S. 52 (1985). He did not, however, ask the Oregon Court of Appeals to reach the merits of his underlying claims. Instead, he asked it to remand his case to the PCR court with instructions to apply the proper standard for assessing claims of ineffective assistance of counsel. He incorporated these same arguments in his Petition for Review in the Oregon Supreme Court. Respondent's Exhibit 126, p. 9.

In this federal habeas corpus proceeding, Petitioner argues that trial counsel was ineffective when she allowed him to plead guilty even though he: (1) did not understand the charges to which he was pleading guilty; (2) lacked copies of the discovery in the case; (3) did not grasp the benefit he would receive for pleading guilty; (4) was psychologically disturbed, had lost trust in his attorney, and the conditions of his confinement exacerbated his mental illness; and (5) was disadvantaged by the manner in which counsel drafted the plea documents.

7 - OPINION AND ORDER

Petitioner's Appellant's Brief and Petition for Review did not allow the Oregon Court of Appeals and Oregon Supreme Court a fair opportunity to pass upon the merits of these claims when he failed to discuss any of these alleged shortcomings. Instead, he challenged only the PCR court's understanding of the fundamental standards underlying an ineffective assistance of counsel claim, and asked the appellate courts to: (1) conclude that the PCR court misapplied governing precedent; and (2) remand the case to the PCR court for consideration of the issues in light of the appropriate legal standards. Where Petitioner did not ask Oregon's appellate courts to address the merits of the claims he argues here, he failed to present Ground One to Oregon's state courts.

Petitioner maintains that there is no procedural default because he presented the substance of Ground One to the Oregon Court of Appeals by way of a *Church v. Gladden* motion.[2] Petitioner's *Church* motion did not fairly present his claims where the Oregon Court of Appeals specifically determined that "*Church v. Gladden* addresses trial court procedures, not appellate court procedures." Respondent's Exhibit 125, p. 2. Not only was Petitioner's *Church* motion not procedurally appropriate, but he presented no such motion to the Oregon Supreme Court and relied only upon the arguments in his counseled Appellant's

---

[2] In *Church v. Gladden*, 244 Or. 308, 311-21, 417 P.2d 993 (1966), the Oregon Supreme Court held that where a litigant wishes to pursue claims that his attorney refuses to include, he must inform the court of the attorney's failure to follow a legitimate request, and he may ask to have counsel replaced or ask the court to require the attorney to comply with the litigant's request.

8 - OPINION AND ORDER

Brief. Respondent's Exhibit 126. For all of these reasons, Petitioner's *pro se* filing did not fairly present the substance of Ground One to Oregon's state courts. Because the time for presenting Ground One in Petitioner's collateral appeal passed long ago, it is procedurally defaulted.

### III. Excuses to Procedural Default

#### A. Absence of State Corrective Process

Petitioner next asks the Court to excuse his procedural default because Oregon's state corrective process was ineffective to protect his rights. He contends that where the Oregon Court of Appeals denied his *Church* motion, it effectively precluded him from fairly presenting his claims by unreasonably restricting his appeal only to those claims his attorney elected to raise. He reasons that where he could not raise the claims he wished to litigate, there was no available state corrective process to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(i) (excusing exhaustion in the absence of state corrective process).

Although Petitioner could not properly file a *Church* motion in the Oregon Court of Appeals, this procedural limitation did not preclude Petitioner from raising his desired claims. Pursuant to ORAP 5.92(1), Petitioner could have sought leave to file a supplemental *pro se* appellant's brief but he did not avail himself of this opportunity. Even if he had, and further assuming the Oregon Court of Appeals had not been receptive to such a motion, Petitioner could have chosen to proceed *pro se* in order to present all of his preferred claims. In short, Petitioner's

9 - OPINION AND ORDER

disagreement with his appointed attorney about which claims to raise during a PCR appeal does not render Oregon's state corrective process ineffective so as to excuse the exhaustion requirement.

B. **Actual Innocence**

Finally, Petitioner claims that he is actually innocent of his underlying criminal conduct such that the Court should excuse his procedural default. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

As an initial matter, it is questionable whether *Schlup*'s actual innocence gateway extends to Petitioner. The Supreme Court

10 - OPINION AND ORDER

extended the actual innocence gateway exception to procedural default only in the context of habeas petitioners convicted following a trial, and the *Schlup* test speaks to weighing new evidence of innocence in light of the evidence of guilt adduced during the course of a trial.[3] This is difficult to reconcile in the context of a guilty plea, and the Ninth Circuit recognizes "a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007). Despite this incongruity, the Court assumes that Petitioner may attempt to avail himself of the actual innocence exception to excuse his procedural default.

Petitioner claims that the adult victim in this case: (1) lied to the police about a Petitioner giving her a backrub; (2) told the investigating detective she had no idea how Petitioner entered her apartment; (3) initially provided only a single condom to the police despite the fact that a second condom was later produced in support of a second rape allegation; and (4) did not pass a polygraph inquiring as to whether she had sex with Petitioner in exchange for money. With respect to the child victim Petitioner was accused of assaulting, he contends only that his mental health issues provide compelling reasons to doubt that he satisfied the intent element associated with his crimes.

None of this is strong evidence of innocence. The fact that the adult victim did not initially produce two condoms to the

---

[3] Petitioner believes that where he elected not to proceed to trial, any evidence he now presents qualifies as "new" evidence of his innocence. For purposes of this Opinion, the Court assumes this to be the case.

11 - OPINION AND ORDER

police or disclose that Petitioner gave her a backrub prior to raping her does not establish consent, especially given that the victim was prepared to testify that Petitioner raped her twice while holding a knife to her body, leaving a visible injury on her back. Respondent's Exhibit 107, p. 11.

Although Petitioner claims that one of the victims did not "pass" a polygraph exam, the polygraph results did not establish deception. Instead, it was inconclusive based upon "poor reactivity." Respondent's Exhibit 129, p. 18. Even though the polygrapher expressed that "more areas of truth were noted," due to the poor reactivity it was not possible to accurately score the test. *Id*. An inconclusive polygraph examination is not exculpatory evidence.

Likewise, the fact that the adult victim told the police she had no idea how Petitioner entered her residence was not inconsistent with her version of events where she reported that she was sleeping at the time Petitioner entered her residence at approximately 3:00 in the morning. Moreover, Petitioner's contention that he could not formulate intent due to his mental health issues is not only unpersuasive, but does not rely on new evidence that was not apparent at the time of his plea hearing. Respondent's Exhibit 104, pp. 41-49.

Not only does Petitioner fail to make a strong case of actual innocence, but his own declarations of guilt in open court are significant. As he explained, "I feel horrible for the crimes that I committed. I am sorry to the victims and their families.

12 - OPINION AND ORDER

It's not their fault, it's all my fault and they did not do nothing wrong." Respondent's Exhibit 104, p. 49. These "[s]olemn declarations in open court carry a strong presumption of verity" and, in combination with the trial court's finding of guilt, amount to a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner has not demonstrated that in light of his "new" evidence, no reasonable juror would have convicted him of the charged offenses given the totality of the record. He is therefore unable to excuse his default.

Even if Petitioner had fairly presented Ground One to Oregon's state courts, he would not be entitled to relief in this case. The Plea Petition clearly identified the crimes to which he was pleading guilty, and trial counsel hired mental health experts to ensure that Petitioner understood the nature of the proceedings. Respondent's Exhibits 103 & 119. In light of the record, the PCR court issued a reasoned decision wherein it explained as follows:

> I find the plea was knowing and voluntary. There is a written plea petition it makes it clear that there are two rape counts. It makes it clear in several places including the sentencing, and as well as the list of charges that are pled to.
>
> The Court didn't take the best plea, but the plea petition supplements the record.
>
> There's no proof that the attorney wasn't prepared for trial. The attorney's

13 - OPINION AND ORDER

>       presentation was adequate. There's no
>       proof of anything to argue, I meant, I'm
>       sorry, the attorney's presentation at
>       sentencing was adequate. There's no proof
>       there was anything further to argue on
>       mitigation based on all the information
>       the attorney had.
>
>       And I would truthfully have to say
>       it's not likely that anything would have
>       mitigated the circumstances in this case.
>       Based on the dangerousness of the
>       behavior it would have been an uphill
>       battle in any event, but there just
>       wasn't any anything to argue.
>
>       So I find no inadequacy in any way
>       pled, and I find no prejudice.

Respondent's Exhibit 120, pp. 24-25.

In order to prevail on the merits of Ground One, Petitioner would have to establish that the PCR court's decision was not only wrong, but objectively unreasonable. This is because 28 U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The PCR court's decision was a reasonable one in light of the record.

Moreover, to the extent Petitioner continues to take issue with the ineffective assistance of counsel standards the PCR court utilized when it adopted the State's arguments as its own, the Court has independently reviewed the State's PCR briefing and determined that it properly and accurately cited governing legal

14 - OPINION AND ORDER

precedent. *See* Respondent's Exhibit 117. For all of these reasons, Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

DATED this 28 day of May, 2020.

*/s/ Marco A. Hernandez*
Marco A. Hernandez
United States District Judge

15 - OPINION AND ORDER